# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20703

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2014

Lyle W. Cayce
Clerk

KIRBY DECKER,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2346

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kirby Decker, Texas prisoner # 594703, on the form to be used for filing a 28 U.S.C. § 2254 application, alleged that (1) he was placed in solitary confinement without an adequate hearing and in contravention of other due process requirements, (2) he was denied an impartial hearing officer and retaliated against so that he would accept mental health treatment, (3) he was denied access to the day room, television, and the recreational yard without a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing, and (4) his solitary confinement imposed an atypical hardship on prison life.  The district court determined that the claims challenged the conditions of Decker's confinement and therefore construed the claims as civil rights claims.  The court dismissed the habeas petition, and insofar as Decker's claims were best construed as arising under 42 U.S.C. § 1983, the court dismissed the suit without prejudice because Decker had accumulated at least three strikes pursuant to 28 U.S.C. § 1915(g) and because he had not shown that he was in imminent danger of serious physical injury.  Decker timely appealed and requests a certificate of appealability (COA).

A COA is required to appeal a final order in a § 2254 proceeding.  28 U.S.C. § 2253(c)(1)(A).  To obtain a COA, Decker must show "a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When the district court's denial of relief is based on procedural grounds, a COA may not issue unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, or that the issue deserves encouragement to proceed further, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Decker argues that the district court erred in construing his claims as civil rights claims and in doing so without giving him notice and an opportunity to amend or withdraw the filing.  Decker has failed to make the requisite COA showing.  *Id.*  Accordingly, his request for a COA is DENIED.

Insofar as Decker is appealing the dismissal of the § 1983 complaint without prejudice, no COA is necessary, but he has not challenged the district court's ruling that he is barred under § 1915(g) from proceeding in forma

pauperis in an § 1983 proceeding absent a showing that he is under imminent danger of serious physical injury.  As the appeal from the dismissal of his § 1983 complaint is without arguable merit and thus frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), it is DISMISSED.  *See* 5TH CIR. R. 42.2.  His motion to recuse Judge Garza is DENIED.